DANIEL J. DONOHUE, PLAINTIFF-RESPONDENT, v. NASH SALES CORPORATION, INCORPORATED, DEFENDANT-APPELLANT.

Submitted January 28, 1927—Decided June 27, 1927.

Corporations—Officers—Power to Make Contracts—President of Company Had Asked Physician to Treat the Secretary of the Company Who was Suffering From Diabetes—Held, That

the Employment of the Physician was Without the Scope of the Powers and the Duties of the President—The Illness Did Not Arise Out of nor in the Course of Secretary's Employment.

On appeal from a judgment of the Second District Court of Jersey City.

For the appellant, *William Huck, Jr.*

For the respondent, *Gannon & Gannon* and *Edward J. O'Mara.*

Before Justices KALISCH, KATZENBACH and LLOYD.

PER CURIAM.

This is an appeal by the defendant below (hereinafter called the defendant) from a judgment of the Second District Court of Jersey City. The testimony discloses the following facts. The plaintiff was a physician. The defendant had in its employ, as its secretary, one Leo P. Mann. Mr. Mann was suffering from diabetes. The plaintiff, a physician, testified that he treated Mr. Mann and sent his bill for treatment to the defendant company due to a call at his office by Mr. Clifford, president of the defendant company, who told the plaintiff that Mr. Mann was ill and asked the plaintiff to treat him. The plaintiff had treated employes of the defendant company who had been injured and his services were paid for by the companies insuring the defendant. There was another case where an employe was treated by the plaintiff at the request of Mr. Clifford for a trouble that did not arise out of the employment of the employe by the defendant. The defendant had repudiated the bill and it was paid by the patient. The plaintiff offered the testimony of Edward F. Dooley, a former employe of the defendant, who stated that he heard the president, Mr. Clifford, communicate with the plaintiff with reference to Mr. Mann's case.

A motion was made to nonsuit on the ground that Mr. Clifford was not acting within the scope of his duties at the time he employed the plaintiff to attend to Mr. Mann. This motion was denied. An exception was taken.

The defendant offered its charter and also a letter (by agreement) of Mr. Clifford to the effect that he did not authorize the plaintiff to take care of Mr. Mann. It was admitted that there was no resolution passed by the board of directors giving Mr. Clifford authority to make the agreement sued on. A motion to direct a verdict for the defendant was made upon the same grounds as the motion to nonsuit and this was denied.

The question which the defendant raises upon this appeal is whether or not the president had authority to make the agreement on which the plaintiff relies to recover his bill for medical attendance to Mr. Mann. The proof that is required to make a corporation responsible for contracts entered into by an officer or employe of the corporation has been considered in a number of cases in this state. In *Aerial League of America* v. *Aircraft Fireproofing Corporation*, 97 *N. J. L.* 530, the Court of Errors and Appeals said:

"It was incumbent upon the plaintiff to show that the contract upon which the suit was brought was the contract of the defendant. To bind the defendant the contract must be proven to be the act of the defendant either by corporate action, the act of an authorized agent, or by adoption and ratification. * * * It often results that one occupying a high official position in a corporation is without power to bind the corporation by contract."

The case of *Mausert* v. *Feigenspan,* 68 *N. J. Eq.* 671, is cited as an instance. In that case the complainant claimed that the president of the defendant corporation had modified an agreement. The Court of Errors and Appeals held that the president had no such power.

In the present case it seems to us that the agreement relied upon by the plaintiff was one that was without the scope of the powers and duties of the defendant's president. Mr. Clifford may have become personally liable by reason of what

passed between the plaintiff and himself concerning the treatment of Mr. Mann. This action, however, is an attempt to make the corporation liable upon the alleged statement of Mr. Clifford. Mr. Mann's illness did not arise out of and in the course of his employment. It was a matter for which the corporation was in no sense responsible.

The plaintiff did not discharge the burden cast upon him by showing authority in Mr. Clifford to make the contract sued on.

The judgment is accordingly reversed.